**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MARTIN WARNER,

    Plaintiff,

vs.                                     Case No. 4:11cv20-SPM/WCS

SHERIFF LARRY CAMPBELL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, and who was granted *in forma pauperis*, docs. 2 and 4, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The assessed initial partial filing fee was paid on February 22, 2011, doc. 6, and the complaint may now be reviewed pursuant to 28 U.S.C. § 1915A.

In making that review, Plaintiff acknowledges having filed several other cases. Plaintiff states that he filed case number 4:99cv342, on September 3, 1999, and notes it was dismissed on February 29, 2000, for "failure to comply with the court." Doc. 1, p. 3. Plaintiff notes that case was dismissed prior to service. *Id.*, at 4. He also notes that case 4:99cv360 was dismissed on January 7, 2000, for failure to state a claim. *Id.*, at 4.

Plaintiff has had to other cases dismissed "prior to service," but Plaintiff does not state the actual reason for such dismissals, only stating "prior to service." Those two cases are case 4:99cv361 (dismissed for failure to prosecute), and case 4:99cv381 (dismissed on Plaintiff's notice of voluntary dismissal). *Id.*

Plaintiff fails to note that he filed several other cases beyond those eleven year old cases. Plaintiff filed case 4:09cv2 in this court which was dismissed for failure to state a claim in October, 2009. Docs. 22, 23 of that case.[1]

Plaintiff then filed case 3:10cv46-RV/MD which was dismissed as malicious for Plaintiff's abuse of the judicial process in July, 2010. Docs. 20, 22. Plaintiff failed to disclose five cases he had initiated, listing only one prior case. Doc. 20, case 3:10cv46.

Thus, Plaintiff has three "strikes" under the P.L.R.A., and pursuant to 28 U.S.C. § 1915(g), Plaintiff was not entitled to proceed *in forma pauperis* in this case. Moreover, because Plaintiff is barred from proceeding *in forma pauperis* in federal court, he must submit the entire filing fee when initiated a civil rights case, unless he is in imminent danger of serious physical injury. Here, Plaintiff is not. Plaintiff's complaint is against the Sheriff of Leon County Florida, and Plaintiff complains about access to the law library in the Leon County Jail when he was detained there three years ago. Plaintiff is not in danger of harm from the Defendant (Plaintiff is a state prisoner and not in the custody of the named Defendant), and he is not entitled to proceed in this case with *in forma pauperis* status.

---

[1] Plaintiff's complaint in that case contains the same claim he is trying *again* to bring in this case. While Plaintiff included several other claims, that case was dismissed for failure to state a claim. Therefore, Plaintiff has already been advised that these allegations are insufficient to state a claim. Plaintiff filed an appeal of that dismissal, but his appeal was dismissed for lack of prosecution. Doc. 38.

As a sanction for failing to disclose all of his prior cases, the prior order granting Plaintiff *in forma pauperis* should not be vacated and Plaintiff should be required to pay the entire filing fee. Plaintiff just recently faced this same issue in case 3:10cv46 and *still* failed to honestly disclose his prior cases. Moreover, Plaintiff should not attempt to refile this case because he has already had these allegations reviewed and dismissed for failure to state a claim. The filing of this complaint, after having already had the claims dismissed, is further abuse of the judicial process. The sanction is warranted. Plaintiff now has this report and recommendation, and any future failure to fully disclose his prior suits will result in additional sanctions.[2]

In light of the foregoing, it is **RECOMMENDED** that this case be **DISMISSED** as malicious for failing to disclose all prior cases, and because Plaintiff already had this claim dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is further **RECOMMENDED** that the order which granted Plaintiff *in forma pauperis* status, doc. 4, not be vacated as a sanction.

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that he is not entitled to *in forma pauperis* status in the future, absent being in danger of serious physical injury. 28 U.S.C. § 1915(e). Thus, Plaintiff must submit the entire filing fee at the time of case initiation.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**